UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RONALD GEDDIS, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF HOMELAND SECURITY, <br><br> Defendant. | Civil Action No. 23-0191 (CKK) |

### DEFENDANT'S MOTION TO DISMISS
### AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), Defendant the Department of Homeland Security ("Department") respectfully moves this Court to dismiss the Amended Complaint, ECF No. 6, in this Freedom of Information Act ("FOIA") action, for failure to state a claim upon which relief may be granted. Specifically, the Complaint fails to allege facts establishing that Defendant received the FOIA request allegedly mailed by Plaintiff Ronald Geddis ("Plaintiff").

### BACKGROUND

Plaintiff alleges that on August 17, 2022, he sent via Certified United States First Class Mail, a FOIA request to Homeland Security Investigations (or "HIS"),[1] specifically requesting:

(1) indictment and charging documents;
(2) transcripts of pre-trial proceedings;
(3) discovery;
(4) copies of plea agreements and drafts thereof;

---

[1] Homeland Security Investigations is a principal investigative component of Immigration and Customs Enforcement ("ICE"). Def. Ex. A, Declaration of Fernando Pineiro ("Pineiro Decl."), ¶ 4.

(5) audio or video recordings of any pre- or post-arrest interrogations or interviews of individual;

(6) arrest warrants;

(7) search warrants, subpoenas and their attendant affidavits;

(8) handwritten or field notes;

(9) email communication between the U.S. Attorney's Office for the Middle District of Florida and his;

(10) email communications between HSI and the Hillsborough County Sheriff's Office; and

(11) any and all other information not listed above and not exempt under law.

ECF No. 6, ¶ 7.

Plaintiff makes no allegation that his request was received by Homeland Security Investigations or any other Department component. Based on a thorough search of its own records, and consultation with the relevant field office, the Department has no record of receiving Plaintiff's request. Pineiro Decl. ¶¶ 5-9.

## LEGAL STANDARD

On a motion to dismiss under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Conclusory allegations are not entitled to an assumption of truth. *Id*.

## ARGUMENT

**I.   Defendant Did Not Receive Plaintiff's Requests, And Therefore Did Not Improperly Withhold Agency Records.**

"[T]he district court . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C.

§ 552(a)(4)(B). Thus, under FOIA, the Court's ability to order a remedy is dependent on a showing that an agency has improperly withheld agency records. *Kissinger v. Reps. Comm. for the Freedom of the Press*, 445 U.S. 136, 150-51 (1980). An implicit prerequisite to the Court's authority to order a remedy under FOIA is the existence of a FOIA request properly directed at and received by an agency. "It cannot be said that an agency improperly withheld records if the agency did not receive a request for those records." *Banks v. Lappin*, 539 F. Supp. 2d 228, 235 (D.D.C. 2008). Indeed, "it is undisputed that 'receipt' of a FOIA request triggers an agency's obligation to respond." *Eddington v. Dep't of Def.*, 35 F.4th 833, 837 (D.C. Cir. 2022). "Accordingly, . . . if an agency moves for summary judgment and provides sufficient evidence that it did not receive a request, the requester—as the non-movant seeking to support an essential element of his claim—must come forward with proof to create a genuine dispute of fact that he sent the FOIA request to the agency and the agency received it[.]" *Id.* (cleaned up).

Further, a proper FOIA request must be made in accordance with an agency's published rules stating the procedures to be followed. 5 U.S.C. § 552(a)(3)(A); *see also Clemente v. FBI*, 854 F. Supp. 2d 49, 57 (D.D.C. 2012) (granting summary judgment in favor of agency because plaintiff failed to write directly to field office when seeking records from that office as required by agency's regulations); *Jean-Pierre v. Fed. Bureau of Prisons*, 880 F. Supp. 2d 95, 101 (D.D.C. 2012).

Here, Plaintiff does not allege any facts indicating that Defendant received his request, or that he followed the published procedures for submitting it. "To make a request for [Department] records, a requester should write directly to the FOIA office of the component that maintains the records being sought." 6 C.F.R. § 5.3(a)(1). "A requester may also send his or her request to the Privacy Office, U.S. Department of Homeland Security, 245 Murray Lane SW STOP-0655, or via the internet at http://www.dhs.gov/dhs-foia-request-submission-form, or via fax to

3

(202) 343-4011." 6 C.F.R. § 5.3(a)(2). "The Privacy Office will forward the request to the component(s) that it determines to be most likely to maintain the records that are sought." *Id.* In addition to the Code of Federal Regulations, these procedures are outlined on the Department's public website. *See* Dep't of Homeland Sec., *Steps to File a FOIA Request*, https://www.dhs.gov/steps-file-foia (last visited July 19, 2023).

Plaintiff makes no allegations that he made his request in accordance with these published rules. Plaintiff, thus, has failed to state a claim upon which relief can be granted. *See Schoenman v. FBI*, Civ. A. No. 04-2202, 2006 WL 1126813, at *13 (D.D.C. Mar. 31, 2006) (dismissing FOIA claims where agencies contended that they never received requests and plaintiff provided no proof that requests were ever received); *see also Kanam v. Off. of Benton Peterson*, Civ. A. No. 18-3149, 2019 WL 5806906, at *2 (D.D.C. Nov. 7, 2019) (where plaintiff failed to follow the "published rules . . . and procedures" governing the submission of FOIA requests to an agency, plaintiff "did not submit a request to which the agency was required to respond" and "thus has failed to state a claim upon which relief can be granted").

This pleading failure is buttressed by the Pineiro Declaration. The Pineiro Declaration sets forth the details of Defendant's fulsome search for the requests alleged to have been mailed by Plaintiff. Pineiro Decl. ¶¶ 7-8. This search failed to locate the FOIA requests. *Id*. Defendant could not be deemed to have improperly withheld agency records that it did not receive. *See Lappin*, 539 F. Supp. 2d at 235-36 (dismissing agency defendants supported by declarations attesting to the failure to locate FOIA requests from plaintiff).

**II.     Plaintiff Did Not Submit His Request to the Department or Any of Its Components.**

Seeking to establish that he made a proper request that was received by Defendant, Plaintiff alleges that he received a letter on October 7, 2022, from Assistant Director Kevin Krebs, noting the scope of Plaintiff's request. ECF No. 6, ¶ 15. Defendant has no record of this individual in its

4

employ. Pineiro Decl., ¶ 10. As of the date of this filing, Kevin Krebs is listed as Assistant Director of the FOIA/Privacy Office of the Executive Office for United States Attorneys ("EOUSA"), not the Department or its component, Homeland Security Investigations. *See* https://eousafoia.usdoj.gov/app/ContactUs.aspx (last visited July 19, 2023). Plaintiff mailed his request, not to the Department or any of its components, but rather to EOUSA, which EOUSA received on September 20, 2022. *See* Def. Ex. B, Certified Mail Envelope and FOIA Request. Assistant Director Krebs acknowledged Plaintiff's request by letter dated September 28, 2022. *See* Def. Ex. C, Letter Re: Request Number: EOUSA-2022-002981. The undersigned understands that EOUSA is currently reviewing records for responsiveness to Plaintiff's request and for applicable exemptions. But Because Plaintiff submitted his request to EOUSA and not the Department of Homeland Security or any of its components, the Department is an improper party to this suit and should, therefore, be dismissed under Rule 12(b)(6).

\* \* \*

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint.

Dated: July 20, 2023
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:      */s/ L'shauntee J. Robertson*
L'SHAUNTEE J. ROBERTSON, D.C. Bar #980248
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-1729

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2023, I caused a true and correct copy of the above to be served on Pro Se Plaintiff Ronald Geddis by U.S. Express Mail as follows:

Ronald Geddis
R71625-018
Federal Correctional Complex
Unit B-2
P.O. Box 1031
Coleman, FL 33521

/s/ L'Shaunteé J. Robertson
L'SHAUNTEE J. ROBERTSON
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD GEDDIS,<br><br>         Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>         Defendant. | Civil Action No. 23-0191 (CKK) |

### [PROPOSED] ORDER

UPON CONSIDERATION of Defendant's motion to dismiss the Amended Complaint, and the entire record herein, it is hereby

ORDERED that the motion is GRANTED; and it is further

ORDERED that the Amended Complaint is DISMISSED without prejudice.

SO ORDERED:


Dated: _____          _____
                                        COLLEEN KOLLAR KOTELLY
                                        United States District Court Judge