UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD GEDDIS,                           )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )        Civil Action No. 23-cv-00191 (CKK)
                                         )
DEPARTMENT OF                            )
HOMELAND SECURITY,                       )
                                         )
            Defendant.                   )

<u>**MEMORANDUM OPINION**</u>

This case brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and

the Privacy Act, 5 U.S.C. § 552a, *see* Amended Complaint ("Am. Compl."), ECF No. 6, is before

the Court on the Motion to Dismiss ("Mot."), ECF No. 11, filed by Defendant, the Department of

Homeland Security ("DHS").  For the reasons explained below, DHS's Motion to Dismiss will be

converted into a Motion for Summary Judgment, the Motion will be granted, and judgment will

be entered on behalf of DHS.

## I.        BACKGROUND

Plaintiff Ronald Geddis, who is proceeding *pro se*, and is incarcerated at the Federal

Correctional Complex in Coleman, Florida, *see* Am. Compl. at 5, alleges that, on August 17, 2022,

he mailed a FOIA/Privacy Act request to DHS's Homeland Security Investigations ("HSI"), *id.* ¶

7; *see* Opposition Exhibits ("Opp'n Exs."), ECF No. 12-1, at 1[1] (copy of Pl.'s FOIA/Privacy Act

Request, dated Aug. 14, 2022) ("FOIA/PA Request"), a principal investigative component of

Immigration and Customs Enforcement ("ICE"), *see* Mot. Exhibit A, ECF No. 20-1, ¶ 4

---

[1]        In citing to the Exhibits attached to Plaintiff's Opposition ("Opp'n"), ECF No. 20, the
Court references the ECF-generated pagination.

(Declaration of Fernando Pineiro, ICE's FOIA Director) ("Pineiro Decl."). Plaintiff contends that

he sent his request via certified U.S. first class mail, seeking:

> (1) indictment and charging documents; (2) transcripts of pre-trial
> proceedings; (3) discovery; (4) copies of plea agreements and drafts
> thereof; (5) audio or video recordings of any pre- or post-arrest
> interrogations or interviews of individual; (6) arrest warrants; (7)
> search warrants, subpoenas and their attendant affidavits; (8)
> handwritten or field notes; (9) email communication between the U.S.
> Attorney's Office for the Middle District of Florida and his; (10) email
> communications between HSI and the Hillsborough County Sheriff's
> Office; and (11) any and all other information not listed above and not
> exempt under law.

Am. Compl. ¶ 7 (emphasis in original); FOIA/PA Request; *see* Opp'n Exs. at 4 (Pl.'s Certified

Mailing Label) ("CML"). Plaintiff's mailing containing his request was, however, addressed

incorrectly. *Compare* FOIA/PA Request, *with* Pineiro Decl. ¶ 1. The mailing address that Plaintiff

listed on the certified mailing label is: Homeland Security Investigations, FOIA/PA Office, 500

12th Street N.W., 11th floor, Washington, DC 20530. *See* CML. However, the correct address is:

U.S. Immigration & Customs Enforcement, FOIA Office, 500 12th Street S.W., Stop 5009,

Washington, DC 20536-5009. *See* Pineiro Decl. ¶ 1. As a result, Plaintiff made more than one

error in addressing his request; he listed the incorrect quadrant, as well as the wrong zip code, and

he also failed to include mail stop code, while including what appears to be an erroneous floor

number. *See id*.; CML.

Plaintiff contends that he received an initial response letter regarding his request, dated

September 7, 2022, and directing him to submit additional information, including a certificate of

identity. *See* Opp'n ¶ 2; Opp'n Exs. at 6–7, ECF No. 11-3 (Initial Response Letter, dated Sept. 7,

2022) ("Initial Resp. Ltr."). Plaintiff asserts that he responded on September 14, 2022,

resubmitting his request with the required supplemental information. *See* Opp'n ¶ 3; Opp'n Exs.

at 8–10 (Pl.'s Reply & Resubmission, dated Sept. 14, 2022) ("Pl.'s Resub. Ltr."). According to

Plaintiff, he received a letter of acknowledgement, dated September 28, 2022, discussing fee arrangements for his resubmitted request. *See* Am. Compl. ¶ 14; Opp'n ¶ 4; Opp'n Exs. at 11–12 (Second Response Letter, dated Sept. 8, 2022) ("Sec. Resp. Ltr."). On October 7, 2022, Plaintiff signed a fee agreement. *See* Opp'n ¶ 5; Opp'n Exs. at 12–16 (Pl.'s Fee Agreement Letter) ("Pl. FA Ltr."). Plaintiff alleges that, thereafter, there has been no progress made on his request. *See* Am. Compl. ¶ 15. The Court notes, however, that these letters are all authored by Kevin Krebs, Assistant Director of the FOIA/Privacy Staff Executive Office for United States Attorneys ("EOUSA") of the United States Department of Justice ("DOJ"), and not by anyone affiliated with HSI, ICE, or DHS. *See* Initial Resp. Ltr.; Sec. Resp. Ltr.

On January 23, 2023, Plaintiff filed the instant lawsuit against DHS. *See generally*, Complaint, ECF No. 1. He filed an Amended Complaint on April 18, 2023, raising the same claims, but attempting to now limit the documents sought to items No. 7 and No. 11 in his FOIA/Privacy Act request, more specifically, "search warrants, subpoenas and their attendant affidavits[,]" and "any and all other information not listed above and not exempt under law[.]" *See* Am. Compl. ¶¶ 7–11.

In response to the Amended Complaint, on July 20, 2023, DHS filed the pending Motion to Dismiss for failure to state a claim pursuant to Federal Rule 12(b)(6). *See* Mot. at 1–2. DHS asserts that neither it, nor any of its components, including ICE or HSI, ever received Plaintiff's request. *See* Mot. at 2–4; Pineiro Decl. ¶¶ 5–9. In support, DHS has submitted a Declaration from Fernando Pineiro, ICE's FOIA Director, who attests that, upon notice of this lawsuit, ICE and HSI conducted several searches, but found no record of receipt of any FOIA or Privacy Act request from Plaintiff. *See* Pineiro Decl. ¶¶ 5–9.

On August 11, 2023, Plaintiff filed his Opposition to the Motion to Dismiss, to which DHS filed a Reply, ECF No. 14, on September 2, 2023.  On September 25, 2023, Plaintiff filed a Motion for Leave to file a Surreply, ECF No. 15, which was granted by Minute Order on September 28, 2023, and his Surreply ("Surreply I"), ECF No. 16, was then separately docketed on the same date. DHS was afforded a Response to Plaintiff's Surreply, ECF No. 17, which was then filed on October 10, 2023.  Finally, on October 20, 2023, Plaintiff filed a Motion for Leave to file a Second Surreply ("Surreply II"), ECF No. 18, which was granted by Minute Order on October 26, 2023, and construed accordingly.

## II.     STANDARD OF REVIEW

In ruling upon a motion to dismiss for failure to state a claim, a court is limited to considering the facts alleged in the complaint, any documents attached to or incorporated therein, matters of which a court may take judicial notice, and matters of public record.  *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F. 3d 621, 624 (D.C. Cir. 1997); *see also Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), ("[W]here a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.") (citing *Greenberg v. The Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)), *aff'd*, 38 Fed. Appx. 4 (D.C. Cir. 2002); *Ward v. Dist. of Columbia Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (finding that a court may consider "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss" without converting to summary judgment) (internal quotation marks omitted).  If a court considers materials outside of those mentioned, it must convert a Rule 12(b)(6) motion to

dismiss into one for summary judgment. *See Kim v. United States*, 632 F.3d 713, 719 (D.C. Cir. 2011) (citing Fed. R. Civ. P. 12(d)).

Here, because DHS has submitted, and the Court has considered, matters outside of the pleadings, and outside of which it may take judicial notice or of public record, the Court thus converts DHS's Motion to Dismiss into a Motion for Summary Judgment under Rule 56. *See Johnson v. Dist. of Columbia*, 869 F. Supp. 2d 34, 37 (D.D.C. 2012) (collecting cases). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To defeat summary judgment, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). The mere existence of a factual dispute is insufficient to preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is "genuine" only if a reasonable fact-finder could find for the non-moving party; a fact is "material" only if it can affect the outcome of the litigation. *Id.* at 248; *Laningham v. U.S. Navy*, 813 F. 2d 1236, 1241 (D.C. Cir. 1987) (per curiam).

In a FOIA case, a district court reviews the agency's decisions *de novo* and "the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B); *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). "[T]he vast majority of FOIA cases can be resolved on summary judgment." *Brayton v. Office of U.S. Trade Rep.*, 641 F. 3d 521, 527 (D.C. Cir. 2011); *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009). "Summary judgment may be granted on the basis of agency affidavit[,]" when those affidavits "contain reasonable specificity of detail rather than merely conclusory statements[.]" *Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 215 (D.C. Cir. 2013) (quoting *Consumer Fed'n of Am. v. Dep't of Agric.*, 455 F.3d 283,

287 (D.C. Cir. 2006)); *see also Peavey v. Holder*, 657 F. Supp. 2d 180, 188 (D.D.C. 2009) (quoting

*Schrecker v. U.S. Dep't of Justice*, 217 F. Supp. 2d 29, 33 (D.D.C. 2002)).  This is due to the

"presumption of good faith" accorded to agency declarations, that can be rebutted only with

evidence that the agency did not act in good faith. *See SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197,

1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir.

1981)), *aff'd*, No. 09–5389, 2010 WL 4485438 (D.C. Cir. Nov. 5, 2010) (per curiam).

Likewise, in assessing a Privacy Act claim, at the summary judgment stage, where the

agency has the burden to show that it acted in accordance with its statutory obligations, a court

may rely on a reasonably detailed declaration in entering summary judgment.  *See Chambers v.*

*U.S. Dep't of the Interior*, 568 F. 3d 998, 1003 (D.C. Cir. 2009).

### III.    DISCUSSION

Under the FOIA, "each agency, upon any request for records which (i) reasonably describes

such records and (ii) is made in accordance with published rules . . . shall make the records

promptly available to any person." 5 U.S.C. § 552(a)(3)(A). Agencies are afforded express

statutory authority to establish their own rules concerning "the time, place, fees (if any) and

procedures to be followed" by a requester. 5 U.S.C. § 552 (a)(3)(A); *see also id.* §§ 552 (a)(4)(A);

(a)(6)(D); (a)(6)(E).

Similarly, the Privacy Act regulates the collection, maintenance, use, and dissemination of

an individual's personal information by federal government agencies, *see* 5 U.S.C. § 552a(e), and

also allows "any individual to gain access to his record or to any information pertaining to him

which is contained in the system," so long as a proper Privacy Act request is submitted, *see id.* §

552a(d)(1).  The Privacy Act also holds that "each agency that maintains a system of records shall

promulgate rules" relating to the procedures, fees, and other myriad requirements, associated with such requests. *See* 5 U.S.C. § 552a(f).

To that same end, an agency's obligations under the FOIA or the Privacy Act can only be triggered upon confirmed *receipt* of a conforming request.  *See Antonelli v. Fed. Bureau of Prisons*, 591 F. Supp. 2d 15, 26 (D.D.C. 2008) (finding that "[a]n agency's disclosure obligations are not triggered . . . until it has received a proper FOIA request in compliance with its published regulations"); *Banks v. Lappin*, 539 F. Supp. 2d 228, 235 (D.D.C. 2008) ("It cannot be said that an agency improperly withheld records if the agency did not receive a request for those records.") (collecting cases). Absent receipt of a request, an agency "has no reason to search or produce records and similarly has no basis to respond." *Johnson v. United States*, 239 F. Supp. 3d 38, 44–5 (D.D.C. 2017) (granting summary judgment where the plaintiff had not submitted a request) (quoting *Carbe v. Bureau of Alcohol, Tobacco and Firearms*, No. 03-CV-1658, 2004 WL 2051359, at *8 (D.D.C. Aug. 12, 2004)); *Mitchell v. Samuels*, 160 F. Supp. 3d 8, 12 (D.D.C. 2016) (same); *Lopez-Pena v. U.S. Dep't of Justice*, No. 19-2884, 2021 WL 3077559, at *2 (D.D.C. July 20, 2021) (same) (collecting cases).

As noted above, DHS has submitted the Declaration of Fernando Pineiro, who bears experience, tenure, and personal knowledge regarding ICE and HSI's FOIA and Privacy Act procedures, and regarding the investigation into the receipt of Plaintiff's request.  *See* Pineiro Decl. ¶¶ 1–3.  Pineiro attests that this lawsuit was the agency's first notice of Plaintiff's request, and that, on June 22, 2023, shortly after DHS was served with process in this lawsuit, *see* Returns of Service, ECF No. 8, "the ICE FOIA Office conducted a search within FOIAXpress ("FX"), ICE FOIA Processing system[,]" *see* Pineiro Decl. ¶ 5.  It searched FX by using Plaintiff's first name, last name, and the approximate date of receipt of the request.  *Id*.  The "ICE FOIA Office also

conducted a search in FX based on the description in the complaint of records being sought to determine whether they received Plaintiff's FOIA request." *Id*.  No record of Plaintiff's request was found.  *See id*.

On the same date, the HSI/Record Disclosure Unit, "which is the unit within HSI that handles all matters relating to FOIA requests involving HSI records" also searched "the RDU FOIA shared drive and SharePoint site for incoming FOIA taskings from the ICE FOIA Office, including requests, litigation, and appeals[.]" *Id.* ¶ 6.  Once again, "it did not locate any documents or records indicating that HSI had received Plaintiff's FOIA request." *Id*.

Finally, "HSI also reached out to the HSI Tampa Field Office FOIA Coordinator to determine if the field office had received Plaintiff's FOIA request." *Id.* ¶ 7.  The HSI Tampa FOIA Coordinator "then conducted a search of the in the Investigative Case Management System ("ICM"), to identify whether an agent was assigned to Plaintiff's investigation[,]" and further coordinated, not only with the would-be FOIA case agent and group supervisor, but also with the entire HSI Tampa Office, to ascertain whether anyone had notice of Plaintiff's request.  *See id*. But no one at HSI Tampa was aware of it.  *See id*.

"Where, as here, an agency submits a declaration stating it did not receive the FOIA request, the burden falls on the requester to come forward with proof to create a genuine dispute of fact that he sent the FOIA request to the agency and the agency received it." *Kanaya v. Alcohol, Tobacco, Firearm and Explosives*, 284 F. Supp. 3d 1, 2 (D.D.C. 2018) (citing *Pinson v. U.S. Dep't of Justice*, 69 F. Supp. 3d 108, 113–14 (D.D.C. 2014)). "In response to such a declaration, the plaintiff must provide something more than his own declaration to create a genuine issue of material fact as to the agency's receipt of the FOIA request." *Pinson*, 69 F. Supp. 3d at 114 (citing *Carbe*, 2004 WL 2051359, at *1, *8).

Here, there is no disagreement that Plaintiff *sent* a request; the dispute is thus whether the ICE FOIA Office *received* it.  *See* Mot. at 2–5; *see also* CML (indicia that Plaintiff attempted to mail the request).  In response to DHS's "comprehensive sworn testimony that [ICE and HSI] never received Plaintiff's FOIA request[][,]" *Reynolds v. Dep't of Justice*, No. 16–1428, 2017 WL 1495932, at *2 (D.D.C. Apr. 26, 2017), Plaintiff insists upon the opposite; he largely argues that the ICE FOIA Office (in the District) received his request on more than one occasion. *See* Opp'n ¶¶ 1–6.  In support, Plaintiff offers several exhibits.  *See id*.  But, as explained below, these exhibits are insufficient to generate a genuine despite of material fact.

First, Plaintiff attaches a certified mailing label, *see* CML, accompanied by a tracking print-out from the United States Postal Service's ("USPS's") website, *see* Opp'n Exs. at 5 (USPS tracking reflecting Aug. 22, 2022 receipt) ("USPS Tracking"), in an effort to establish that ICE's FOIA Office received his request on August 22, 2022, after he first mailed it, *see* Opp'n ¶ 1.  But as already discussed above, Plaintiff incorrectly addressed the mailing containing his request, labelling it with the wrong zip code and the wrong quadrant, omitting a mail stop code, and including an incorrect floor number. *Compare* CML, *with* Pineiro Decl. ¶ 1.

The USPS tracking print-out is not a model in clarity.  *See generally* USPS Tracking. While the tracking does reveal that USPS apparently endeavored to deliver the mailing to a location in the correct zip code, namely, 20536, it does not provide the address where it was delivered, nor does it include any information as to whom, if anyone, accepted or signed for the mailing.  *See id*.  This inadequacy is compounded by Plaintiff's assertion that he sent his request via certified first-class mail, which means that a signature would have been obtained, yet the Court is without this information.  *See id*.; CML; Am. Compl. ¶ 7. The tracking only vaguely indicates that the mailing was delivered to a "front desk, reception area, or mail room."  *See id*.   In other

words, there is nothing in the tracking print-out to establish that the mailing containing Plaintiff's

request was actually delivered to ICE's FOIA Office, located at 500 12th Street S.W., Stop 5009,

Washington, DC 20536-5009, or that it was accepted by authorized agency personnel. *See* Pineiro

Decl. ¶ 1. Consequently, this exhibit does not demonstrate that the ICE FOIA Office ever received

Plaintiff's request. *See, e.g.*, *Ning Ye v. Holder*, 624 F. Supp. 2d 121, 124 (D.D.C. 2009)

(dismissing claim when the plaintiff offered a letter from FedEx stating that a "M. Parris" signed

for a certain parcel because the letter failed to "identify the shipper, the addressee, the parcel, or

the relationship between 'M. Parris' and the unknown addressee"); *Schoenman v. FBI*, No. 04–

2202, 2006 WL 1126813, at *10, *13 (D.D.C. March 31, 2006) (granting summary judgment for

the government where the plaintiff failed to provide a "a returned receipt certifying the actual

receipt of the request by the agency"); *Reynolds*, 2017 WL 1495932, at *2 (granting summary

judgment for DOJ where the plaintiff failed to submit a "a certified-mail receipt or any other form

of mailing that his missives reached their intended target."). Notably, in his later briefing, Plaintiff

ultimately admits to his mailing error. *See* Surreply I at 2–3 (recognizes the "mishap of the

address"); Surreply II at 1 (recognizing the "misapplied address"); *see also Pickering-George v.*

*Registration Unit, DEA/DOJ*, 553 F. Supp. 2d 3, 5 (D.D.C. 2008) (entering summary judgment on

behalf of the government where the plaintiff mailed his request to an "address . . . not listed in the

controlling DOJ regulation as one to which FOIA requests to DEA should be sent[.]"); *Lopez-*

*Pena*, 2021 WL 3077559, at *3 (entering summary judgment for the government where the

plaintiff conceded that he sent his request to the wrong address); *Day v. U.S. Dep't of the Treasury*,

No. 19-3467, 2020 WL 4432239, at *3 (D.D.C. July 31, 2020) (holding that an agency "need not

spring into action simply because Plaintiff placed a request in the mail, particularly when Plaintiff

appears to have sent his FOIA request to an incorrect address.") (collecting cases).

Second, Plaintiff attaches a series of exhibits meant to establish that he communicated back and forth with DHS in September and October 2022, including two agency response letters, and his execution of an agency fee agreement. *See* Opp'n ¶¶ 2–5; *id.* pp. 3–4; Am. Compl. ¶ 14; Initial Resp. Ltr.; Pl.'s Resub. Ltr.; Sec. Resp. Ltr.; Pl. FA Ltr; Opp'n Exs. at 17 (USPS tracking reflecting Oct. 19, 2022 receipt of Pl.'s FA Ltr.).  But as noted above, all of these communications were with Kevin Krebs, the Assistant Director of EOUSA's FOIA/Privacy Staff Executive Office, not with DHS, ICE, or HSI.  *See id.*  Per Plaintiff's own admission, he sent an identical request to EOUSA's FOIA Office around the same time that he attempted to send his request to ICE's FOIA Office. *See* Opp'n ¶¶ 1–6.

Although the FOIA requests themselves may be the same, EOUSA's receipt of the request is not tantamount to ICE's receipt.  Krebs is not associated whatsoever with DHS, ICE, or HSI. *See* Mot. at 4–5; Pineiro Decl. ¶ 10; Initial Resp. Ltr.; Sec. Resp. Ltr.  Indeed, EOUSA, who was not named as a defendant in this lawsuit, is located at a completely different address than ICE and HSI, in another building, quadrant, and zip code.  *See* Initial Resp. Ltr.; Pl.'s Resub. Ltr.; Sec. Resp. Ltr.; Pl. FA Ltr.  Moreover, EOUSA is not a component of DHS; it is a component of a different agency, the DOJ, and is bound by its own distinct set of statutory requirements. *Compare* 28 CFR § 16.1 *et seq*. (DOJ FOIA Rules and Regulations); 28 CFR 16.40 *et. seq*. (DOJ Privacy Act Rules and Regulations), *with* 6 CFR § 5.1 *et. seq*. (DHS FOIA Rules and Regulations); 6 CFR § 5.20 *et seq*. (DHS Privacy Act Rules and Regulations); *see* Mot. at 4–5; Pineiro Decl. ¶ 10. Plaintiff's bald assertion that all agencies and components within executive branch must field each other's FOIA/Privacy Act requests, *see* Opp'n at pp. 3–4, is not only submitted without supporting legal authority, but also defies common sense, as it would lead to, *inter alia*, considerable confusion and disorganization.  Simply put, EOUSA's ostensible receipt of Plaintiff's request does

not speak to whether ICE or HSI received it.  *See Barouch v. U.S. Dep't of Justice*, 962 F. Supp. 2d 30, 48 (D.D.C. 2013) (granting summary judgment for the Treasury Department where the plaintiff seemingly incorrectly assumed that ATF's receipt of his request also constituted the receipt of his request by the Treasury Department); *Lopez-Pena*, 2021 WL 3077559, at *3 (finding DOJ/EOUSA and DHS are "entirely different" agencies, and that DHS's possession of the plaintiff's request did not establish that DOJ or EOUSA received it); *Day*, 2020 WL 4432239, at *3 (finding that the plaintiff's evidence that the DOD received his request was insufficient to show that the IRS also received it, and entering summary judgment on the IRS's behalf); *Stelmaszek v. Dep't of Vet. Affairs*, 19-cv-00172, 2020 WL 4673415, at *4 (D.D.C. Aug. 12, 2020) (entering summary judgment on behalf of government because the plaintiff sent his request to the wrong agency component) (citing *Gordon v. Courter*, 118 F. Supp. 3d 276, 285–86 (D.D.C. 2015) (same)).

Finally, Plaintiff argues in the alternative that, despite any errors he committed, *see* Surreply I at 2–3; Surreply II at 1, DHS nonetheless now has notice of his request because it was served in this lawsuit, *see* Surreply I ¶ 2; Surreply II ¶¶ 1–2.  Although, in a vacuum, this statement is true, it is of no consequence, because a plaintiff bringing a FOIA or Privacy Act claim in federal court must file it with the given agency *prior to* bringing suit. *See Banks*, 539 F. Supp. at 234–35 (citing *Wilbur v. Central Intelligence Agency*, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam); *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003); *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990); *Blazy v. Tenet*, 979 F. Supp. 10, 18 (D.D.C. 1997), *aff'd*, No. 97–5330, 1998 WL 315583 (D.C. Cir. May 12, 1998) (per curiam); *Crooker v. United States Marshals Serv.*, 577 F. Supp. 1217, 1217–18 (D.D.C. 1983)).  This allows an agency the opportunity to review and address a request, establish a factual record, and plausibly mutually resolve the request

before either party endures the costs and burdens of litigation. *See Wilbur*, 355 F.3d at 677 (quoting *Oglesby*, 920 F.2d at 61); *see also Reynolds*, 2017 WL 1495932, at *3 ("Plaintiff argues that DOJ should now look for his documents since it cannot dispute that it is currently aware of his request. Were the Court to acquiesce, such a procedure would unwisely bypass the administrative process."); *Carbe*, 2004 WL 2051359, at *8 (finding that "[a] lawsuit does not constitute a FOIA request," and that once an agency indicates "that it had never received a FOIA request . . . the suit alleging a violation of FOIA [is] doomed.").

Because Plaintiff has failed to create a dispute of material fact that DHS (or ICE or HSI) received his FOIA/Privacy Act request prior to filing this civil action, summary judgment is entered on DHS's behalf. *See Pinson*, 69 F. Supp. 3d at 114 (finding that, "if an agency never received a plaintiff's FOIA request in accordance with its published rules, the agency is entitled to summary judgment as a matter of law.") (citing *Barouch*, 962 F. Supp. 2d at 48). Plaintiff is, of course, free to resubmit his FOIA request directly to DHS's FOIA Office, *see* Mot. at 3–4, or directly to ICE's FOIA Office, at a correct and verified address, if he so chooses. *See Credico v. Dep't of Homeland Security*, 170 F. Supp. 3d 1, 5 (D.D.C. 2016), *appeal dismissed*, No. 16–5143, 2017 WL 9509960 (D.C. Cir. Dec. 12, 2017); *Carbe*, 2004 WL 2051359, at *8.

## IV.   CONCLUSION

For the foregoing reasons, DHS's Motion to Dismiss is converted into a Motion for Summary Judgment and is granted accordingly. An Order consistent with this Memorandum Opinion is issued contemporaneously.

Date:   February 16, 2024

_____s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge
